## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. EMILIANO CAMPOS ROMERO a/k/a EMILIANO CAMPOS a/k/a EMILIANO ROMERO CAMPOS, an individual, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. |
| 2. FARMERS INSURANCE COMPANY, INC., a Foreign Insurance Company; and/or | ) ) ) | |
| 3. FARMERS INSURANCE COMPANY, INC., OLATHE, KANSAS, a Foreign Insurance Company; and/or | ) ) ) ) | |
| 4. FARMERS INSURANCE EXCHANGE, a Foreign Insurance Corporation; and/or | ) ) ) | |
| 5. TRUCK INSURANCE EXCHANGE, a Foreign Insurance Corporation; and/or | ) ) ) | |
| 6. MID-CENTURY INSURANCE COMPANY, a Foreign Corporation; and/or | ) ) ) | |
| 7. FARMERS GROUP, INC., a Foreign Insurance Corporation; and/or | ) ) ) | |
| 8. FARMERS INSURANCE COMPANY, a Foreign Insurance Company, | ) ) ) | |
| 9. JOHN DOE 1, an Insurance Company and/or | ) ) | |
| 10. JOHN DOE 2, an Insurance Company, | ) ) ) | |
| Defendants. | ) | |

## **NOTICE OF REMOVAL**

Farmers Insurance Company, Inc. ("FICO") hereby notifies the Court of the removal of the

captioned action, and, in support of its removal in this case, states as follows:

## General Allegations

1. This lawsuit arises from a September 1, 2012 auto accident involving the Plaintiff. (Petition, Exhibit "1"). The Plaintiff was driving his Kia Rondo when the accident happened. (Id.).

2. The Plaintiff filed this lawsuit in the District Court of Tulsa County, State of Oklahoma, on September 2, 2014, and this case is pending in that Court. (Id.).

3. In his Petition, the Plaintiff alleges that, on the date of the auto accident, FICO and the other Defendants insured his Kia Rondo under auto policy number 08-18677-20-44, which provided collision coverage and underinsured motorist insurance coverage with per person limits of $250,000.00. (Id.).

4. The Plaintiff contends that FICO breached the insurance contract in connection with his claim for collision and UM benefits. (Id.). In his prayer for relief, the Plaintiff seeks judgment against FICO in excess of $75,000.00. (Id.).

## Diversity Jurisdiction

5. This Court has original jurisdiction over this action by reason of the diversity of citizenship of the parties, pursuant to 23 U.S.C.A. § 1332.

6. The Plaintiff is a resident of Oklahoma.

7. FICO is a Kansas corporation with its principal place of business in California.

8. The presence of one or more of the Defendants other than FICO would destroy diversity if they were appropriate Defendants in this case. However, the Plaintiff's allegations against the Defendants other than FICO should not be considered by this Court in evaluating subject matter jurisdiction due to the fraudulent joinder doctrine. This Court should ignore the presence of

a non-diverse defendant if the removing party establishes that the joinder of the defendant, "although fair on its face, is a sham or fraudulent device to prevent removal." Smoot v. Chicago, Rock Island and Pacific Railroad Co., 378 F.2d 879, 881-882 (10th Cir. 1967). This standard is met if the removing party shows that the claim against the defendant would not survive summary judgment. Id. at 882. In order to determine whether the removing party has met this burden, the Court may pierce the plaintiff's pleadings and consider the entire record before it. Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).

9. The Plaintiff's claims against the Defendants other than FICO fail as matter of law and constitute an attempted fraudulent joinder. The Plaintiff's allegation in the Petition that all of the Defendants insured the Plaintiff under policy number 08-18677-20-44 is incorrect. FICO is the only named insurer for policy number 08-18677-20-44. (Certified Policy, Ex. "2"). The other Defendants did not issue the subject insurance policy. The Defendants other than FICO did insure the Plaintiff on the accident date.

10. In the absence of a contract between the Plaintiff and the other Defendants, the Plaintiff's claims against those other Defendants fail as a matter of law. In order to have a valid breach of contract claim, the Plaintiff must prove the existence of a contract, a breach thereof, and damages. O.U.J.I.2d No. 23.1. The other Defendants are not parties to a contract with the Plaintiff and do not owe the Plaintiff any contractual duties. In the absence of a contract between the Plaintiff and the other Defendants, the Plaintiff's breach of contract claims against them fail as a matter of law. See Gianfillippo v. Northland Cas. Co., 1993 OK 125, 861 P.2d 308 (recognizing that an insurer does not owe a claimant any duties in the absence of a contractual relationship).

11. Because the Plaintiff's claims against the other Defendants would not survive

summary judgment, these Defendants should be dismissed from this lawsuit and their current status as Defendants should not be considered in determining whether diversity jurisdiction exists.

12.     Section 1332's amount in controversy requirement is satisfied in this case. The Plaintiff seeks damages against FICO in excess of $75,000.00, exclusive of costs, interest and attorney fees.

### Removal Jurisdiction

13.     This Court has removal jurisdiction over this case pursuant to 28 U.S.C. § 1441, et. seq., and all procedural requirements for removal are satisfied.

14.     FICO is removing this case to this Court within one year of its filing and within 30 days after it was served with the Plaintiff's Petition seeking damages in excess of $75,000.00.

15.     The pleadings served on FICO in this case include the Petition and Summons attached as Exhibits "1" and "3".

16.     A copy of the docket in the underlying state court action is attached as Exhibit "4".

17.     Copies of Farmers' Entry of Appearance and Answer, which were filed on March 11, 2015, are attached as Exhibits "5" and "6".

WHEREFORE, Defendant Farmers Insurance Company, Inc. gives notice that the above-entitled action is hereby removed from the District Court of Tulsa, County, State of Oklahoma to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

TAYLOR, RYAN, MINTON, VAN DALSEM & WILLIAMS, P.C.


By s/Ashley M. Bibb
   ROBERT TAYLOR- OBA # 8879
   ASHLEY M. BIBB - OBA #17465
   1080 Boulder Towers
   1437 South Boulder Avenue
   Tulsa, Oklahoma 74119-3640
   (918) 749-5566 Telephone
   (918) 749-9531 Facsimile


**CERTIFICATE OF MAILING**

I, ASHLEY M. BIBB, hereby certify that on the 25th day of March, 2015, I mailed a true and correct copy of the above and foregoing instrument with proper postage thereon fully prepaid to:

Jack Zurawik
Zurawik Law Firm
P. O. Box 35346
Tulsa, OK 74153-0346

  S/Ashley M. Bibb
ASHLEY M. BIBB

mbc